IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DILLARD COLEMAN, III,

    Plaintiff,                              No. CIV S-09-0585 DAD P

    vs.

CHRIS BURNHAM, et al.,            ORDER AND

    Defendants.                   FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

**INITIAL SCREENING**

        Plaintiff's complaint was filed with the court on March 2, 2009. The court's own records reveal that on February 20, 2009, plaintiff filed a complaint containing virtually identical allegations. (Case No. Civ. S-09-0493 DAD P).[1] Due to the duplicative nature of the present case, the court will recommend that the instant action be dismissed. To the extent that plaintiff has included any allegations in this action that are not included in Case No. Civ. S-09-0493

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

DAD P, plaintiff will have an opportunity to amend his complaint in that case.[2] However, the court cautions plaintiff that it appears the deputy public defenders he has named as defendants in this action are not "state actors" for purposes of § 1983 and cannot be held liable in a § 1983 civil rights action. See Miranda v. Clark County, 319 F.3d 465 (9th Cir. 2003) (en banc) (public defender is not a state actor); see also Briley v. State of California, 564 F.2d 849, 855 (9th Cir. 1977) ("We have repeatedly held that a privately-retained attorney does not act under color of state law for purposes of actions brought under the Civil Rights Act.").

**CONCLUSION**

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's March 2, 2009 application to proceed in forma pauperis be denied; and

2. This action be dismissed without prejudice. See Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and

/////

/////

/////

/////

---

[2] In Case No. Civ. S-09-0493 DAD P, the court has dismissed plaintiff's complaint with leave to amend. The allegations of that complaint were so vague and conclusory that the court was unable to determine whether the action was frivolous or failed to state a claim for relief. The court refers plaintiff to the order filed in Case No. Civ. S-09-0493 DAD P for further instruction on how to proceed with respect to his claims should he wish to pursue them.

Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 23, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
cole0585.23